JOHN BRIGGS & others *vs.* HORACE HUMPHREY & trustee.

It is too late for a defendant to object for the first time in the superior court to the service of a writ upon him in an action brought originally in the justices' court in Boston, in which, after a default was there entered against him, he appeared at the taxation of costs and appealed from the clerk's taxation, and finally, upon its affirmance by the court, entered a general appeal from the judgment there rendered against him.

HOAR, J.   This action was dismissed in the superior court, on the ground that the justices' court of the county of Suffolk, in which it was originally brought, had no jurisdiction.   The plaintiffs had their usual place of business in Boston, and the defendant resided in New Bedford, and service was made on him in the county of Bristol.   The party summoned as trustee resided in Boston, and the debt or damages demanded did not exceed three hundred dollars.   By *St.* 1838, *c.* 147, § 3, it is provided that " when, by a trustee writ returnable before the justices' court of the county of Suffolk, any person is summoned as a trustee who is liable to be charged as such, and the defendant resides within this commonwealth, but in a county other than that of the trustee, said writ may run into any county."   The trustee being discharged, it is contended, on the part of the defendant, that there was no person "summoned as trustee who was liable to be charged as such "; and that the court had therefore no jurisdiction.

Without determining the question, whether the maintenance of the action would depend upon the fact that the trustee was charged or discharged upon his answer, we think, upon examining the record, that the objection taken by the defendant in

Briggs & others *v.* Humphrey & trustee.

the superior court was not open to him at that stage of the proceedings.

The writ was returnable on the fourth day of February 1860, and on that day the defendant was defaulted. The trustee appeared and answered, and the action was continued till the seventh day of February, when he was discharged on his answer, and judgment was ordered against the defendant. On the ninth day of February, the defendant entered on the docket a notice of his desire to be present at the taxation of costs; and on the thirteenth of February the costs were taxed by the clerk, and the defendant appealed from the clerk's taxation. The taxation of the clerk was affirmed by the court, upon appeal, on the afternoon of the same day, and judgment was then finally entered for the plaintiff's damages and costs; from which judgment the defendant appealed to the superior court, and recognized to prosecute his appeal.

It is apparent that the court had jurisdiction of the subject-matter of the cause and of the parties, if a valid service could be made upon the defendant. The action was not local; and the objection was not therefore, strictly speaking, to the jurisdiction, but to the sufficiency of the service of the writ. Without any trustee, the defendant could have been held to answer, if duly served with the process of the court. Now it is well settled that a mere defect of service may be waived by a defendant, and is held to be waived if he enters a general appearance in the cause, or appears for any other purpose than to object to the sufficiency of the service. And we think that, by appearing to object to the taxation of the costs in the justices' court, and appealing from the taxation, and thus postponing the final entry of judgment for six days, the defendant had debarred himself of the right, upon an appeal to the superior court, to make for the first time an objection to the service of the writ. Unless his appearance in the court below, and the hearing upon the question of costs, were regarded as having the effect of continuing the cause and postponing the final entry of judgment, he would have had no right of appeal, because his appeal would not have been claimed within twenty four hours from the rendition of the

judgment. The objection not having been taken seasonably, the order to dismiss the action was erroneous, and it must stand for trial.                                    *Exceptions sustained.*

 *J. C. Dodge*, for the plaintiffs.
 *B. Dean*, for the defendants.